# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------X
                       :       Chapter 7

In re:                   :

                       :       Substantively Consolidated

MICHAEL S. GOLDBERG, LLC   :       LEAD CASE No. 09-23370 (JAM)

MICHAEL S. GOLDBERG      :       MEMBER CASE No. 09-23371 (JAM)

                       :

        Debtors.       :       RE: ECF No. 2200

                       :

--------------------------------------------------X

**ORDER AUTHORIZING AND APPROVING THE
<u>SALE OF UNSATISFIED JUDGMENTS AND RELATED RELIEF</u>**

Upon the Court's consideration of the Chapter 7 Trustee's Motion for Entry of an Order (A) Approving Sale Procedures in Connection with the Sale of Unsatisfied Judgments, (B) Authorizing the Trustee to Enter into Stalking Horse Agreement and Approving Certain Bid Protections, (C) Scheduling an Auction for Sale of Unsatisfied Judgments, and (D) Granting Related Relief (ECF# 2185) (the "<u>Sale Motion</u>"), filed by James Berman, Chapter 7 Trustee for the Estate of Michael S. Goldberg, LLC and Michael S. Goldberg (the "<u>Trustee</u>"), the duly appointed Chapter 7 trustee for the substantively consolidated bankruptcy estate (the "<u>Estate</u>") of Michael S. Goldberg, LLC ("<u>LLC</u>") and Michael S. Goldberg ("<u>Mr. Goldberg</u>" and together with LLC, the "<u>Debtors</u>"), pursuant to Bankruptcy Code sections 105 and 363, Federal Rules of Bankruptcy Procedure 2002, 6004, 9007, 9008 and 9014, and District of Connecticut Local Bankruptcy Rules 2002-1, 6004-1 and 6004-2; and the Order (A) Approving Sale Procedures in Connection with the Sale of Unsatisfied Judgments, (B) Approving Stalking Horse Agreement and Certain Bid Protections, (C) Scheduling an Auction for Sale of Unsatisfied Judgments, and (D) Granting Related Relief (ECF# 2200) (the "<u>Bid Procedures Order</u>") having entered; and it

appearing that due and appropriate notice of the Sale Motion, the Bid Procedures Order, the Bid Procedures, the Auction and the Sale Hearing (all as defined in the Bid Procedures Order) was given; and it appearing that no other notice of the relief granted by this order need be given; and the Trustee having conducted the Auction on the record and the Court having conducted a hearing on the Sale Motion on November 25, 2024, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Trustee having determined that SLFAQ, LLC (the "Buyer") has submitted the highest and best bid of $50,000 for the assets of the Estate that the Buyer has offered to purchase (such assets, the "Purchased Assets") as more specifically described in the Sale Motion and Exhibit A thereto; and all parties in interest having been heard, or having had the opportunity to be heard, regarding entry of this order and approval of the Sale Transaction (as defined in the Bid Procedures) and the modified Assignment Agreement (the "Assignment Agreement") between the Trustee and the Buyer; this Court, based upon the arguments, testimony and evidence presented to it, hereby makes the following findings of fact and conclusions of law:

A.     This Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this order, and expressly directs entry of judgment as set forth herein.

C.      This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

D.      The statutory predicates for the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007 and 9014.

E.      As evidenced by the affidavits of service filed with the Court, and based upon the representations of counsel at the Sale Hearing, (i) proper, timely and adequate notice of the Sale Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction and the Bid Deadline (as defined in the Bid Procedures) as approved herein has been provided in accordance with Bankruptcy Rules 2002, 6004, 9007 and 9014, (ii) such notice was good, sufficient and appropriate under the circumstances, and (iii) no other or further notice of the Sale Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction or the Bid Deadline as provided herein is necessary or shall be required.

F.      A reasonable opportunity to object or be heard with respect to the Sale Motion and the Sale Transaction has been afforded to all interested persons and entities, including, without limitation: (i) the office of the United States Trustee, (ii) all entities known to have asserted any lien, interest or encumbrance upon the Debtors' assets, (iii) all entities known by the Trustee to have expressed an interest in acquiring the Debtors' assets in the previous calendar year, and (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in these cases.

G.      Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service filed with the Court, has been provided in the form and manner specified in the Sale Motion and required by the Bid Procedures Order, and such notice is reasonable and adequate.

H.      The process for the sale of the Purchased Assets was conducted in accordance with the Bid Procedures Order.  At the conclusion of the Auction, the Buyer was deemed the Successful

Bidder (as defined in the Bid Procedures) with the highest and best offer for the Purchased Assets

of $50,000, and Acorn Funding Group, LLC ("Acorn") was determined to be the Back-Up Bidder

(as defined in the Bid Procedures) with the second highest and best offer of $49,000.

I.       The Auction was conducted in accordance with the Bid Procedures Order. The

Auction was conducted in a non-collusive, fair and good faith manner and a reasonable opportunity

has been given to any interested party to make a higher and better offer for the Purchased Assets.

J.       The Buyer is purchasing the Purchased Assets in good faith and is a good faith

purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled

to the protection of that provision.

K.       The Assignment Agreement was negotiated, proposed and entered into by the

Trustee and the Buyer without collusion, in good faith and from arms-length bargaining positions.

Neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Sale

Transaction or any part of the transactions contemplated by the Assignment Agreement to be

avoidable under section 363(n) of the Bankruptcy Code.

L.       As demonstrated by (i) any testimony and other evidence proffered or adduced at

the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing,

the Trustee afforded interested potential purchasers a full and fair opportunity to qualify as

Qualified Bidders under the Bid Procedures and to submit an offer for the Purchased Assets.

M.       The Buyer is not an "insider" of the Debtors or the Trustee, as that term is defined

in section 101(31) of the Bankruptcy Code.

N.       The consideration provided by the Buyer for the Purchased Assets pursuant to the

Assignment Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased

Assets, (iii) will provide a greater recovery for the creditors of the Estate than would be provided

by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws.

O.      The Trustee has demonstrated a sufficient basis and compelling circumstances requiring the Trustee to enter into the Assignment Agreement and sell the Purchased Assets under section 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Trustee's business judgment and are in the best interests of the Estate and its creditors.

P.      The marketing and bidding processes implemented by the Trustee as set forth in the Sale Motion, were fair, proper, and reasonably calculated to result in the best value received for the Purchased Assets.

Q.      The Trustee has full authority and power to execute and deliver the Assignment Agreement and related agreements and all other documents contemplated by the Assignment Agreement, to perform his obligations therein and to consummate the Sale Transaction. Except as set forth in the Assignment Agreement, no additional consents or approvals are necessary or required for the Trustee to enter into the Assignment Agreement, perform his obligations therein and consummate the Sale Transaction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1.      The relief requested in the Sale Motion is granted and approved in all respects, as set forth herein.  The Trustee's entry into the Assignment Agreement and the Sale Transaction is hereby approved in all respects. There have been no objections to the relief sought in the Sale Motion.

5

2.      The Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction in accordance with the Sale Motion, the Assignment Agreement and this order, and (b) perform, consummate, implement and close fully the Sale Transaction, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Assignment Agreement including, without limitation, consenting to the assignment by the Buyer of any of its rights under or relating to the Assignment Agreement.

<u>Sale and Transfer of the Purchased Assets</u>

3.      Upon closing of the Sale Transaction, this order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance and transfer of the Purchased Assets pursuant to the terms of the Assignment Agreement.

4.      Each and every term and provision of the Assignment Agreement, together with the terms and provisions of this order, shall be binding in all respects upon the Debtors, the Trustee, the Buyer, and creditors of the Estate.

5.      The Assignment Agreement and the Sale Transaction may be specifically enforced and are binding upon, and not subject to rejection or avoidance by, the Trustee, the Debtors, the Buyer.

<u>Additional Provisions</u>

6.      The Buyer shall pay to the Trustee the Purchase Price of $50,000, less any deposit paid. The consideration provided by the Buyer for the Purchased Assets under the Assignment Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws.

7.      To the extent, if any, anything contained in this order conflicts with a provision in the Assignment Agreement, this order shall govern and control.

8.      The Buyer is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision. The consideration provided by the Buyer for the Purchased Assets is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

9.      The Trustee shall promptly return any good faith deposit made by any Qualified Bidder, other than the Buyer and Acorn.

10.     The Trustee shall pay the "stalking horse" bidder, SMS Financial Service Corporation the Break-Up Fee of $300 from the Estate.

11.     Upon the closing of the Sale Transaction with the Buyer, the Trustee shall promptly return the good faith deposit made by Acorn.

12.     The closing of the Sale Transaction with the Buyer shall occur on or before December 31, 2024.

13.     If the Buyer fails to consummate the Sale Transaction because of a breach or failure on behalf of the Buyer, Acorn, as the Back-Up Bidder, will be deemed the new Buyer for all purposes and all terms and findings set forth in this Order applying to the Buyer shall apply to Acorn (except that the Purchase Price shall be $49,000 and the closing of Sale Transaction shall occur on or before January 31, 2025), and the Trustee will be authorized, but not required, to consummate the Sale Transaction with Acorn without further order of the Court.

14.     This Court retains jurisdiction to (a) interpret, implement and enforce the terms and provisions of this order (including any injunctive relief provided in this order) and the terms of the

7

Assignment Agreement, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect the Buyer (and its successors, assigns, agents and representatives) and the Purchased Assets from and against any claims of holders of interests in the Purchased Assets; (c) resolve any disputes arising under or related to the Assignment Agreement or the Sale Transaction; and (e) adjudicate any and all issues and/or disputes relating to the Trustee's or the Estate's right, title or interest in the Purchased Assets, the Sale Motion and/or the Assignment Agreement.

15.    This order and the Assignment Agreement shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, all successors and assigns of the Buyer, the Trustee and any successor trustees.

16.    The failure specifically to include any particular provisions of the Assignment Agreement in this order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Assignment Agreement and each and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

17.    The provisions of this order are non-severable and mutually dependent.

18.    This order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, or otherwise.

Dated at Bridgeport, Connecticut this 2nd day of December, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

8